PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Western District of New York | | |
|---|---|---|---|
| Name Yusuf Sparks | Prisoner No. 14A0340 | Case No. 18 CV 737 W | |
| Place of Confinement Elmira Correctional Facility | | | |
| Name of Petitioner (include name under which convicted) Yusuf Sparks | Name of Respondent (authorized person having custody of petitioner) V. Paul Chappius | | |
| The Attorney General of the State of: | | | |

FILED JUL 3 - 2018 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  New York County Supreme Court

2. Date of judgment of conviction _____

3. Length of sentence  7 years

4. Nature of offense involved (all counts)  Charged with one count of First-Degree Assault (PL 120.10(1)) & convicted of Second-Degree Assault (PL 120.05(2)).

5. What was your plea? (Check one)

    (a) Not guilty  ☒

    (b) Guilty  ☐

    (c) Nolo contendere  ☐

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)

    (a) Jury  ☒

    (b) Judge only  ☐

7. Did you testify at the trial?
    Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
    Yes ☒   No ☐

-2-

9. If your answer to 8. was "yes," <u>attach a copy of the appeals court decision to this petition</u> and answer the following:

   (a) Name of court (e.g., NYS Sup. Court, 4th Dept.) __NYS Sup. Court, First Dept.__
   (b) Result __Affirmed__
   (c) Date of result and citation, if known __132 A.D.3d 513 (Oct 15, 2015).__
   (d) List <u>all</u> grounds you raised (1) __Court improperly permitted prosecution to question Sparks about details of a prior conviction.__
   (2) __Court improperly denied Sparks's request for a justification instruction.__
   (3) __Court improperly admitted Sparks's statements to police__
   (4) __Sentence was excessive.__

10. Did you seek further review of the appeals court decision by a higher state court (e.g., the NYS Court of Appeals)?

    Yes ☒   No ☐

11. If your answer to 10. was "yes," <u>attach a copy of the higher state court decision to this petition</u> and answer the following:

    (a) Name of court __NYS Court of Appeals__
    (b) Result __Affirmed__
    (c) Date of result and citation, if known __29 N.Y.3d 932 (March 30, 2017)__
    (d) List <u>all</u> grounds you raised (1) __Court improperly permitted prosecution to question Mr. Sparks about details of a prior conviction__
    (2) __Court improperly denied Sparks's request for a justification instruction.__
    (3) 
    (4) 

12. Did you file a petition for certiorari in the United States Supreme Court?
    Yes ☐   No ☒

13. If your answer to 12. was "yes," <u>attach a copy of the United States Supreme Court decision to this petition</u> and please answer the following with respect to each direct appeal you asked the United States Supreme Court to review:

- 3 -

(a) Result _____

(b) Date of result and citation, if known _____

(c) List all grounds you raised (1) _____

(2) _____

(3) _____

(4) _____

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a petition under NY CPL § 440, a state habeas petition, or a previous petition under 28 U.S.C. 2254) with respect to this judgment in any court, state or federal?

    Yes ☐   No ☒

15. If your answer to 14. was "yes," <u>attach a copy of that court's decision to this petition</u> and give the following information:

    (a) Name of court _____

    (b) Nature of proceeding _____

    (c) Date Filed _____

    (d) List all grounds you raised (1) _____

    (2) _____

    (3) _____

    (4) _____

    (e) Did you receive an evidentiary hearing on your petition, application, or motion?

        Yes ☐   No ☐


(f) Result _____

(g) Date of result _____

16. If your answer to 14. was "yes" and you also filed a <u>second</u> petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information:

    (a) Name of court _____

    (b) Nature of proceeding _____

    (c) Date Filed _____

    (d) List <u>all</u> grounds you raised (1) _____

    (2) _____

    (3) _____

    (4) _____

    (e) Did you receive an evidentiary hearing on your petition, application, or motion?

    Yes ☐    No ☐

    (f) Result _____

    (g) Date of result _____

    As to any third, fourth, etc. petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information asked for under 15. and 16.

17. If your answer to 14. was "yes" and if the court did not grant the petition(s), application(s), or motion(s) you listed under 15. and 16., did you appeal to an intermediate court of appeals (e.g., the New York State Court of Appeals or the Second Circuit Court of Appeals)?

    Yes ☐    No ☐

18. If your answer to 17. was "yes," <u>attach a copy of the appeals court decision to this petition</u> and answer the following regarding <u>each</u> petition, application, or motion:

    (a) Name of court _____

    (b) Date Filed _____

    (c) Result _____

    (d) Date of result and citation, if known _____

    (e) List all grounds you raised (1) _____

        (2) _____

        (3) _____

        (4) _____

19. Did you appeal to the highest state court (e.g., the NYS Court of Appeals) or the United States Supreme Court for review of decisions regarding the petition(s), application(s), or motion(s) you listed in 15. and 16.?

    (a) First petition    Yes ☐    No ☐

    (b) Second petition    Yes ☐    No ☐

    (c) Third petition    Yes ☐    No ☐

[List any other petition and indicate yes or no.]

20. For each "yes" answer in 19., attach a copy of that court's decision to this petition and give the following information:

    (a) Name of court _____

    (b) Date filed _____

    (c) Result _____

    (d) Date of result and citation, if known _____

    (e) List all grounds you raised (1) _____

        (2) _____

        (3) _____

        (4) _____

21. If you did *not* appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

_____

22. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize briefly the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

<u>CAUTION: In order to proceed in federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. See 28 U.S.C. §2254(b). If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. See 28 U.S.C. §2244(b).</u>

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: The court refused to instruct the jury on my justification defense in violation of my Due process rights.

Supporting FACTS (state briefly without citing cases or law): I testified at trial that my actions were born out of a sincere belief that I was going to be attacked. I introduced sufficient evidence so as to trigger a justification instruction from the court, but the court refused to do so simply because it did not believe me. The court stripped me of my only defense in violation of my due process rights.

- 7 -

B. Ground two: The court's error in permitting the prosecution to introduce the details of a prior conviction was not harmless.

Supporting FACTS (state briefly without citing cases or law): Before trial, the court ruled that the prosecution could not introduce the details of any prior robbery conviction if I chose to testify. After my testimony, the court permitted the prosecution to do so, which was an error according to the NY Court of Appeals. This error was not harmless because it exacerbated the error the court committed in refusing to charge the jury of justification. I received the worst of both worlds: evidence of prior bad acts to refute a justification

C. Ground three: instruction that I never received.

Supporting FACTS (state briefly without citing cases or law):

D. Ground four:

Supporting FACTS (state briefly without citing cases or law):

23. If you did not previously present any of the grounds listed in 22A, 22B, 22C, and 22D in any other court, state or federal, state briefly what grounds you did not present and give your reasons for not presenting them: I stated these grounds on direct appeal.


24. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

   Yes ☐   No ☒

   (a) Name of court _____

   (b) Nature of proceeding _____

   (c) Date filed _____

   (d) List all grounds you raised (1) _____

      (2) _____

      (3) _____

      (4) _____

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you challenge in this petition:

   (a) At preliminary hearing _____

   (b) At arraignment and plea _____

   (c) At trial _____

   (d) At sentencing _____

   (e) On appeal  Andrew Dalack, Federal Defenders of NY, Inc. 52 Duane Street, 10th Floor, NY, NY 10007

   (f) In any post-conviction proceeding _____

   (g) On appeal from any adverse ruling in a post-conviction proceeding _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

   Yes ☐   No ☒

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ☐    No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Yes ☐    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___6/22/18___
(Date)

_____
Yusuf Sparks
Signature of Petitioner

The PEOPLE of the State of New York, Respondent,
v.
Yusuf SPARKS, Defendant–Appellant.

Supreme Court, Appellate Division, First Department, New York.
October 15, 2015
132 A.D.3d 513
2015 WL 5971671

**Synopsis**
**Background:** Defendant was convicted in a jury trial in the Supreme Court, New York County, Bonnie G. Wittner, J., of second-degree assault. Defendant appealed.

[Holding:] The Supreme Court, Appellate Division, held that trial court properly exercised its discretion in modifying its *Sandoval* ruling based on defendant's trial testimony.

Affirmed.

West Headnotes (4)

[1]     **Witnesses**
        Extent of showing; number of offenses
        Trial court properly exercised its discretion in modifying its *Sandoval* ruling based on defendant's trial testimony in prosecution for second-degree assault; although court had originally precluded prosecutor from identifying a particular conviction as anything beyond an unspecified felony, when defendant testified, it became clear that there was a suspicious similarity, probative under the circumstances of case, between facts of defendant's prior crime and conduct he subsequently attributed to victim, and court had warned defendant, prior to opening statements, that his testimony might open the door to a modified *Sandoval* ruling.

        Cases that cite this headnote

[2]     **Criminal Law**
        Elements and incidents of offense in general
        No justification charge was warranted in prosecution for second-degree assault; there was no reasonable view of evidence, viewed in light most favorable to defendant, to support such a charge, since even under version of events contained in defendant's testimony, any conduct by victim that might have been a basis for a justification defense had abated by the time defendant committed assault.

        Cases that cite this headnote

[3]     **Criminal Law**
        Interrogation in General
        Defendant's spontaneous statements made to police were properly admitted; the statements were not the product of interrogation or its functional equivalent.

        Cases that cite this headnote

[4]     **Criminal Law**
        Grounds in general
        In light of the overwhelming evidence against defendant in prosecution for second-degree assault, any errors regarding trial court's modification of its *Sandoval* ruling, its denial of a justification charge, and its suppression ruling, were harmless.

        Cases that cite this headnote

**Attorneys and Law Firms**

**\*\*423** Robert S. Dean, Center for Appellate Litigation, New York (Andrew J. Dalack of counsel), for appellant.

Cyrus R. Vance, Jr., District Attorney, New York (Susan Gliner of counsel), for respondent.

FRIEDMAN, J.P., SWEENY, SAXE, MOSKOWITZ, GISCHE, JJ.

## Opinion

**\*513** Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 14, 2014, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

[1] The court properly exercised its discretion in modifying its *Sandoval* ruling based on defendant's trial testimony (*see People v. Fardan,* 82 N.Y.2d 638, 645–647, 607 N.Y.S.2d 220, 628 N.E.2d 41 [1993] ). The court had originally precluded the prosecutor from identifying a particular conviction as anything beyond an unspecified felony. However, when defendant **\*\*424** testified, it became clear that there was a suspicious similarity, probative under the circumstances of the case, between the facts of defendant's own prior crime, and the conduct he was now attributing to the victim. Furthermore, the court had warned defendant, prior to opening statements, that his testimony might open the door to a modified *Sandoval* ruling.

[2] The court properly denied defendant's request for a justification charge, since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support **\*514** that charge (*see People v. Watts,* 57 N.Y.2d 299, 301–302, 456 N.Y.S.2d 677, 442 N.E.2d 1188 [1982] ). Even under the version of the events contained in defendant's testimony, any conduct by the victim that might have been a basis for a justification defense had abated by the time defendant committed the assault.

[3] The court also properly admitted defendant's spontaneous statements made to police (*see People v. Rivers,* 56 N.Y.2d 476, 479–480, 453 N.Y.S.2d 156, 438 N.E.2d 862 [1982] ). The record supports the court's finding that these statements were not the product of interrogation or its functional equivalent.

[4] In any event, in light of the overwhelming evidence against defendant, any errors regarding the *Sandoval* modification, the denial of a justification charge, and the suppression ruling were harmless (*see People v. Crimmins,* 36 N.Y.2d 230, 367 N.Y.S.2d 213, 326 N.E.2d 787 [1975] ). The record fails to support defendant's assertion that, in determining defendant's sentence, the court improperly considered conduct for which defendant had been acquitted. We perceive no basis for reducing the sentence.

**All Citations**

132 A.D.3d 513, 17 N.Y.S.3d 423, 2015 N.Y. Slip Op. 07567

End of Document                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2018 Thomson Reuters. No claim to original U.S. Government Works.                    2

The PEOPLE of the State of New York, Respondent,
v.
Yusuf SPARKS, Appellant.

Court of Appeals of New York.
March 30, 2017
29 N.Y.3d 932
2017 WL 1166771

**Synopsis**
**Background:** Defendant was convicted in the Supreme Court, New York County, Bonnie G. Wittner, J., of second-degree assault. He appealed. The Supreme Court, Appellate Division, 132 A.D.3d 513, 17 N.Y.S.3d 423, affirmed. Defendant was granted leave to appeal.

[Holding:] The Court of Appeals held that jury instruction on justification defense was not warranted.

Affirmed.

West Headnotes (2)

[1]     **Assault and Battery**
         Self-defense

        Defendant was not in danger of being physically harmed by victim at time defendant struck victim in face with a milk crate, so as to warrant instruction on justification defense in prosecution for first-degree assault; defendant, having already knocked victim out inside a store and walked away, and then returned to the store, had no need to leave the store to defend himself when he saw victim, apparently inebriated and stumbling about, outside. McKinney's Penal Law § 35.15(1).

        2 Cases that cite this headnote

[2]     **Criminal Law**
         Witnesses

        Although trial court erred in adjusting its *Sandoval* ruling based on defendant's trial testimony, that error was harmless in prosecution for first-degree assault; evidence of defendant's guilt was overwhelming and there was no significant probability that outcome of the trial would have been different in absence of that error.

        2 Cases that cite this headnote

**Attorneys and Law Firms**

***14 Robert S. Dean, Center for Appellate Litigation, New York City (Andrew J. Dalack of counsel), for appellant.

Cyrus R. Vance, Jr., District Attorney, New York City (Susan Gliner and Alan Gadlin of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

*933 **354 The order of the Appellate Division should be affirmed.

***15 **355 Defendant was charged with one count of assault in the first degree (Penal Law § 120.10[1]) following a dispute at a Manhattan bodega. Defendant, then age 19, and the victim, a 50–year–old man with a long history of substance abuse and criminal activity, had a verbal exchange inside the bodega after the victim provoked defendant. Based on that affront, defendant twice threatened to "murder" the victim, who was in an inebriated, stumbling state, before eventually punching him inside that store. In defendant's words, the punch "knocked [the victim] out."

The surveillance footage that was admitted into evidence at the jury trial contains images of what happened outside the bodega after defendant punched the victim. In sum, after defendant struck the victim, defendant and the victim separately left the immediate vicinity of that store on foot. A few minutes later, the footage reflects that defendant reentered the bodega; soon thereafter, the victim returned to the area immediately outside that store and stumbled about. Inside the bodega, defendant asked the shopkeeper for a stick,[1] but the shopkeeper refused that request,

saying that the punch was "enough for [the victim]." Defendant, however, told the shopkeeper that he *934 was going to walk outside and "knock [the victim] out again."

The surveillance footage reflects that defendant did exactly that. As he walked out of the bodega, defendant struck the unsuspecting victim in the face with a milk crate. The blow knocked the victim to the sidewalk, and defendant walked away from that store. The victim, however, was taken by ambulance to a hospital, where he was determined to have a broken nose and cheekbone, and where he received potentially lifesaving treatment for a traumatic brain injury.

Following the trial, defendant was convicted of the lesser included offense of assault in the second degree (Penal Law § 120.05[2] ). On appeal, the Appellate Division affirmed the judgment of conviction (132 A.D.3d 513, 17 N.Y.S.3d 423 [1st Dept.2015] ). A Judge of this Court granted defendant leave to appeal (26 N.Y.3d 1092, 23 N.Y.S.3d 649, 44 N.E.3d 947 [2015] ), and we now affirm the Appellate Division order.

[1] Contrary to defendant's contention, the trial court properly refused to instruct the jury on the defense of justification. Viewing the record in the light most favorable to defendant, as we must (see People v. Watts, 57 N.Y.2d 299, 301, 456 N.Y.S.2d 677, 442 N.E.2d 1188 [1982] ), we conclude there is no reasonable view of the evidence that would have permitted the factfinder to conclude that defend-ant's conduct was justified (see People v. Cox, 92 N.Y.2d 1002, 1004, 684 N.Y.S.2d 473, 707 N.E.2d 428 [1998]; cf. People v. Petty, 7 N.Y.3d 277, 284, 819 N.Y.S.2d 684, 852 N.E.2d 1155 [2006] ). That is, we agree with the People that there is no evidence that objectively supports a belief that defendant was in danger of being physically harmed by the victim at the time defendant used force against him (see Cox, 92 N.Y.2d at 1005, 684 N.Y.S.2d 473, 707 N.E.2d 428; see also People v. Wesley, 76 N.Y.2d 555, 559, 561 N.Y.S.2d 707, 563 N.E.2d 21 [1990] ).[2]

***16 **356 Here, after "knock[ing] [the victim] out," defendant was able to freely and safely walk away from the bodega. Moreover, *935 there simply is no evidence that, once he returned to the bodega, defendant *needed* to leave that store to strike the victim to defend himself. Even if defendant's trial testimony establishes that he actually believed that the victim was lying in wait for him with a weapon (see generally Wesley, 76 N.Y.2d at 559, 561 N.Y.S.2d 707, 563 N.E.2d 21), there is no reasonable view of the evidence that "a reasonable person in ... defendant's circumstances would have believed" the victim to have threatened him with the imminent use of unlawful physical force (Umali, 10 N.Y.3d at 425, 859 N.Y.S.2d 104, 888 N.E.2d 1046; see Penal Law § 35.15[1] ). Put simply, the surveillance footage reflects that defendant's ambush of the victim with the milk crate cannot be considered self-defense.

[2] We agree with defendant that the trial court erred in adjusting its *Sandoval* ruling based on defendant's trial testimony (cf. People v. Fardan, 82 N.Y.2d 638, 645–647, 607 N.Y.S.2d 220, 628 N.E.2d 41 [1993] ). We further conclude, however, that the error is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that the outcome of the trial would have been different in the absence of that error (see generally People v. Crimmins, 36 N.Y.2d 230, 241–242, 367 N.Y.S.2d 213, 326 N.E.2d 787 [1975] ).

Chief Judge DiFIORE and Judges RIVERA, ABDUS-SALAAM, STEIN, FAHEY, GARCIA and WILSON concur.

Order affirmed, in a memorandum.

**All Citations**

29 N.Y.3d 932, 73 N.E.3d 354, 51 N.Y.S.3d 14, 2017 N.Y. Slip Op. 02469

Footnotes

1   The surveillance footage also captured audio of defendant's altercations with the victim.
2   To be clear, the
    "justification [defense] is comprised of both subjective and objective elements. The subjective element [in a case such as this one] is concerned with whether the defendant believed that the use of [physical] force was necessary; while

under the objective prong, the jury must consider whether a reasonable person in the defendant's circumstances would have believed that [physical] force was required. When a defense of justification is raised, 'the People must prove beyond a reasonable doubt that [the] defendant's conduct was not justified' (*People v. Craig,* 78 N.Y.2d 616, 619 n. 1 [578 N.Y.S.2d 471, 585 N.E.2d 783] [1991] ). In other words, the People must demonstrate beyond a reasonable doubt that the defendant did not believe [physical] force was necessary or that a reasonable person in the same situation would not have perceived that [physical] force was necessary (*see e.g. People v. Goetz,* 68 N.Y.2d 96, 115 [506 N.Y.S.2d 18, 497 N.E.2d 41] [1986] )" (*People v. Umali,* 10 N.Y.3d 417, 425, 859 N.Y.S.2d 104, 888 N.E.2d 1046 [2008]; *see Wesley,* 76 N.Y.2d at 559, 561 N.Y.S.2d 707, 563 N.E.2d 21).

---

End of Document                                        © 2018 Thomson Reuters. No claim to original U.S. Government Works.

JS 44 (Rev. 06/17)    CIVIL COVER SHEET    18 CV 737 W

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Yusuf Sparks 14A0340

**DEFENDANTS**
Paul Chappius

**(b)** County of Residence of First Listed Plaintiff  Chemung
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☒ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28:2254
Brief description of cause:
Petition for Writ of Habeas Corpus - State Custody

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE 07/03/2018    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**ELMIRA CORRECTIONAL & RECEPTION CENTER**
**P.O. BOX 500**
**ELMIRA, NEW YORK 14902-0500**

Yusuf Sparks # 14A0340

ELMIRA
CORRECTIONAL
FACILITY